**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Rynn, et al., | No. CV-24-02674-PHX-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| Craig Jennings, et al., | |
| Defendants. | |

On October 15, 2024, Plaintiffs Richard Rynn, Gelliana David Rynn, and Marcella Rynn filed a Motion for Alternative Service to Serve Defendant Lynn McLean. (Doc. 39.) On November 22, 2024, Plaintiffs filed a Motion for Expedited Ruling on Plaintiffs' Motion for Alternative Service to Lynn McLean and Extension of Time to Serve. (Doc. 98.) Plaintiffs request authorization to serve McLean by affixing documents to McLean's front door because McLean has been actively evading service, according to the professional process server hired by Plaintiffs, and refused to accept delivery of the summons and complaint via certified mail. (*See* Docs. 39, 98.) For the following reasons, the Court will grant Plaintiffs' motions for alternative service and an extension of time to serve Defendant McLean.

**1. Service Impracticable**

Federal Rule of Civil Procedure 4(e)(1) provides, in part, that "[u]nless federal law provides otherwise, an individual ... may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general

jurisdiction in the state where the district court is located or where service is made...." Fed. R. Civ. P. 4(e)(1). Under Arizona law, an individual may be served by delivering the summons and complaint personally; leaving the documents at the defendants' "dwelling or usual place of abode" with "someone of suitable age and discretion who resides there"; or delivering it to an agent authorized by law or appointment. Ariz. R. Civ. P. 4.1(d). If a party shows that the means of service provided in Rule 4.1 is "impracticable, the court may—on motion and without notice to the person to be served—order that service may be accomplished in another manner." *Id.* at 4.1(k). Impracticability requires "something less than a complete inability to serve the defendant" or "the 'due diligence' showing required before service by publication may be utilized." *Blair v. Burgener*, 245 P.3d 898, 901, 903–04 (Ariz. Ct. App. 2010). The fact that traditional service under Rule 4.1(d) would be "extremely difficult or inconvenient" suffices. *Id.* at 903.

Based on the professional process server's inability to effectuate service on Mclean and statement that McLean is actively evading service, the Court finds that traditional service would be impracticable.

**2. Alternative Means**

If traditional service methods prove impracticable, a court can order that service be accomplished in another manner. Ariz. R. Civ. P. 4.1(k)(1). Process papers posted on a front door and sent by mail have been found to be appropriate alternative methods of service under Arizona law. *See DPG Invs. LLC v. Anderson*, No. CV-20-01386-PHX-DWL, 2020 WL 8482971, at *3 (D. Ariz. Dec. 15, 2020); *Baker v. Nw. Mut. Life Ins. Co.*, No. CV-21-00064-TUC-JGZ, at *3 (D. Ariz. Oct. 8, 2021). Plaintiffs, prior to filing their motion for alternative service, attempted to serve McLean via certified mail but she refused to accept. (Doc. 39 at 6.) Thus, the Court will grant Plaintiffs' request to serve McLean by posting process papers on McLean's front door. Plaintiffs must make a reasonable effort to provide the Defendants with actual notice of the action's commencement and must mail the summons, the complaint, and the court order authorizing an alternative means of service

at McLean's last-known residential address. Ariz. R. Civ. P. 4.1(k)(2). Accordingly,

**IT IS ORDERED:**

1. Plaintiffs' Motion for Alternative Service to Serve Defendant Lynn McLean (Doc. 39) is **granted**. Plaintiffs may serve McLean by affixing documents to McLean's front door. Plaintiffs must also mail the summons, the complaint, and this court order authorizing an alternative means of service, via regular or first-class mail, to McLean's last-known residential address.

2. Plaintiffs' Motion for Extension of Time to Serve Defendant Lynn McLean (Doc. 98) is **granted**. Plaintiffs have until **January 17, 2025** to effectuate service on McLean in the above-stated manner.

Dated this 5th day of December, 2024.

_____
Jennifer G. Zipps
Chief United States District Judge